JS-6

**FILED**
CLERK, U.S. DISTRICT COURT

4/7/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 10-01307-MWF(FFMx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| v. | |
| $72,081.00 IN U.S. CURRENCY AND $625.00 IN CANADIAN CURRENCY, | |
| Defendants. | |
| NICHOLAS DINARDO, | |
| Claimant. | |

On or about February 22, 2010, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the defendants $72,081.00 in U.S. Currency (the "defendant currency") and $625.00 in Canadian Currency (the "defendant Canadian currency") are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Claimant Nicholas Dinardo ("Claimant") filed a claim to the defendant currency and defendant Canadian currency on or about July 26, 2010 and an answer to the complaint on or about August 18, 2010. No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and Claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than Claimant. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. The sum of $9,990.00 only (without interest) shall be returned to Claimant. The remainder of the defendant currency (i.e., $62,091.00), plus the interest earned by the United States of America on the defendant currency, and the defendant Canadian currency shall be condemned and forfeited to the United

States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to Claimant pursuant to paragraph 4 above shall be paid to Claimant by electronic transfer directly into the client trust account of Claimant's attorneys of record in this case. Claimant (through Claimant's attorney of record) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, Claimant's social security and taxpayer identification numbers (if any), Claimant's attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the attorney-client trust account to which the transfer of funds is to be made.

6. Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or

1  on behalf of Claimant, whether pursuant to 28 U.S.C. § 2465 or
2  otherwise.
3       7.   The Court finds that there was reasonable cause for
4  the seizure of the defendant currency and the defendant Canadian
5  currency and institution of these proceedings.  This judgment
6  shall be construed as a certificate of reasonable cause pursuant
7  to 28 U.S.C. § 2465.
8       8.   The Court further finds that Claimant did not
9  substantially prevail in this action, and the parties hereto
10 shall bear their own attorney fees and costs.
11 Dated:  April 7, 2016
12                                   _____
                                     THE HONORABLE MICHAEL W. FITZGERALD
13                                   UNITED STATES DISTRICT JUDGE

CONSENT

The parties hereto consent to the above judgment and waive any right of appeal.

Dated: April 6, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_/s/ Victor A. Rodgers_
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: April 6, 2016

LAW OFFICE OF K. MARSHALL BOWMAN

_/s/ K. Marshall Bowman_
K. MARSHALL BOWMAN

Attorneys for Claimant
NICHOLAS DINARDO

5